FILED

AUG 2 0 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                      DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | **INDICTMENT** |
| v. | § § § § § § § § § § § | **A19CR 169 RP**<br>[COUNT 1: 18 U.S.C. § 1956, Conspiracy to Commit Money Laundering;<br>COUNTS TWO - THREE: 18 U.S.C. § 1543, Passport Fraud.] |
| AKHABUE EHIS ONOIMOIMILIN, aka: David Harrison (2), | | |

THE GRAND JURY CHARGES:

At All Times Material To This Indictment:

## BUSINESS EMAIL COMPROMISE AND ROMANCE FRAUD

1.  Beginning sometime before June 2015, individuals began utilizing fraudulent documents, including fraudulent foreign passports, to open bank accounts in the Austin, Texas and Houston, Texas areas to receive and launder the proceeds of Business Email Compromise (BEC) scams and romance scams.

2.  In BEC scams, the scammers target businesses and individuals making wire transfer payments. They often target employees with access to company finances and trick them via email into making wire transfers to bank accounts thought to belong to trusted partners—except the money ends up in accounts controlled by the fraudsters. Additionally, BEC scammers sometimes use sophisticated computer intrusion techniques to alter legitimate payment request emails, changing the recipient bank account to an account controlled by the fraudsters.

1

3. In romance scams, conspirators, often located outside the U.S., review established online dating sites, targeting victims who appear lonely and perhaps desperate based upon their profiles. The fraudsters create fake profiles and exploit the emotional vulnerabilities of the victims. Once an emotionally dependent relationship is established, the fraudsters create various crises and ruses, such as an emergency medical need or a fee that must be paid to allow the conspirator to travel to meet the victim in person, in which the victim can aid the conspirator only through the immediate transfer of funds. These schemes are often emotionally and fiscally harmful, as the duration of the "relationship" can span months and years; often they end only when the victim drains his or her resources and can no longer send funds to the conspirators. The relationships are initiated and maintained via interstate wire communications on the internet and over the telephone.

4. The fraudulent emails, dating websites, or computer intrusions described above are sent via interstate wires and the money sent in response to the BEC scam is sent to bank accounts via interstate wires. Therefore, these scams are a violation of the Wire Fraud statute, Title 18, United States Code, Section 1343 and those working together to commit the scams are violating the Fraud Conspiracy statute, Title 18, United States Code, Section 1349.

## MONEY LAUNDERING CONSPIRACY

5. In order to collect the fraudulent proceeds, BEC or romance fraudsters need bank accounts controlled by coconspirators to collect the stolen money. The defendants charged in this indictment joined the conspiracy to launder those funds. They acquired fraudulent foreign passports and then used those passports and other fake identification documents to open up bank accounts at various financial institutions in the Austin, Texas and Houston, Texas areas.

6. When the BEC scam or romance scam was successful and a victim sent money to a conspirator's account, bank account records show that the conspirator acted quickly to remove any fraudulent funds deposited into the accounts he controlled. Because the accounts were opened with fake names, they were from their inception designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the fraud

## ROLES

7. ███████████████████████████████████████ opened bank accounts, including accounts with fraudulent identification documents in the names of ███████████████████████████████, and others. He conducted financial transactions with fraudulent proceeds that were sent to those accounts.

8. AKHABUE EHIS ONOIMOIMILIN, aka: David Harrison, opened bank accounts, including accounts with fraudulent identification documents in the name of David Harrison. He conducted financial transactions with fraudulent proceeds that were sent to those accounts.

## LOSS

9. As of the date of this Indictment, law enforcement has identified over $2.5 million in attempted losses attributable to the conspiracy. Over $2 million in attempted losses was found in accounts controlled by ███ and over $400,000 in attempted losses was found on accounts controlled by ONOIMOIMILIN. On some occasions, victims and/or their banks realized the transfer was fraudulent and recalled the funds. However, over $1.7 million in actual losses have been identified.

## COUNT ONE
## Conspiracy to Commit Money Laundering
## [18 U.S.C. § 1956]

10. Count One incorporates by reference, as if fully set forth herein, paragraphs one through nine of this Indictment.

11. Beginning sometime before June 1, 2015, the exact date being unknown, and continuing until on or about the date of this Indictment, in the Western District of Texas, and elsewhere,

**AKHABUE EHIS ONOIMOIMILIN, aka: David Harrison (2),**

did knowingly combine, conspire, and agree together and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, namely:

a. To knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud and conspiracy to commit fraud as described in this Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

4

## COUNT TWO
## Passport Fraud
## [18 U.S.C. § 1543]

12. Count Two incorporates by reference, as if fully set forth herein, paragraphs one through nine of this Indictment.

13. Beginning sometime in or before April 2018, the exact date being unknown, and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere,

███████████████████████████████████████████████████████████████

did knowingly and willfully use and attempt to use a false, forged, and counterfeited passport, in that the Defendant did present at least one such passport to a bank employee at a JP Morgan Chase Bank in the Austin, Texas area in order to open a bank account in the United States with the fraudulent identity ██████████.

All in violation of Title 18, United States Code, Section 1543.

## COUNT THREE
## Passport Fraud
## [18 U.S.C. § 1543]

14. Count Three incorporates by reference, as if fully set forth herein, paragraphs one through nine of this Indictment.

15. Beginning sometime in or before April 2018, the exact date being unknown, and continuing until on or about the date of this Indictment, in the Western District of Texas and elsewhere,

**AKHABUE EHIS ONOIMOIMILIN, aka: David Harrison (2),**

5

did knowingly and willfully use and attempt to use a false, forged, and counterfeited passport, in that the Defendant did present at least one such passport to a bank employee at JP Morgan Chase Bank in the Austin, Texas area in order to open bank accounts in the United States with the fraudulent identity of David Harrison.

All in violation of Title 18, United States Code, Section 1543.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE

### I. Forfeiture Statute for Money Laundering
### [18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violation set forth in Count One, the United States gives notice that it intends to forfeit, but is not limited to, the below-listed property from Defendants ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ AKHABUE EHIS ONOIMOIMILIN, aka: David Harrison (2). Defendants shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(1), which states:

**18 U.S.C. § 982. Criminal Forfeiture**

> (a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### II. Forfeiture Statute for Passport Fraud
### [18 U.S.C. §§ 982(a)(6)(A)(ii)]

As a result of the foregoing criminal violations set forth in Counts Two and Three; the United States gives notice that it intends to forfeit, but is not limited to, the below-listed property from Defendants. Defendants shall forfeit all right, title, and interest in said property to the United

States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(6)(A)(ii). In pertinent part, Section 982 provides:

> (a)(6)(A) The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section ... 1543, 1544, or 1546 of this title ... shall order that the person forfeit to the United States, regardless of any provision of State law--
>
> * * *
>
> (ii) any property real or personal--
> - (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
> - (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

### III. Subject Property

This Notice of Demand for Forfeiture includes, but is not limited, to the following:

**Money Judgment:**
A sum of money that represents all property involved in the offense; all property used (or intended to be used) to facilitate the offenses; and/or the amount of proceeds obtained as a result of the violations set forth in Counts One, Two, and Three for which Defendants are liable.

**Substitute Assets:**
If any of the property described above, as a result of any act or omission of Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by Defendants up to the value of said Money Judgment as substitute assets, pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(p).

A TRUE BILL.
ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

JOHN F. BASH
United States Attorney

By: _____
MICHAEL C. GALDO
KEITH HENNEKE
Assistant United States Attorneys

8